## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

### FRASER V. STOKES AND OTHERS.

#### June 8, 1911.

1. DOWER—*Relinquishment.*—The law favors dower, and a widow will not be deprived of her dower, unless it is barred by the statutory requirements for that purpose.

2. DOWER—*Case in Judgment—Jointure.*—A husband covenanted to stand seized to the use of his wife for her life in one undivided moiety of a tract of land, and as to the remainder therein and the other moiety he covenanted to stand seized in fee to the use of the issue of their marriage. Subsequently, by a deed of separation between the husband and wife, in which her brother joined, the latter covenanted that the wife would relinquish her dower and all rights of dower in all lands then owned or thereafter acquired by the husband "other than the real estate named" in the two deeds aforesaid. After the separation, the wife, at various times, relinquished dower rights in the real estate of her husband, other than that mentioned in the two deeds aforesaid. Subsequently the husband died, his wife surviving and requisites for dower existing. The wife claimed dower in the moiety given to the children.

   *Held:* The widow is entitled to dower in the moiety given to the children, and it is not a case of jointure where the widow would be put to her election either to accept the benefits of the deed or renounce it and claim dower in lieu thereof.

3. HUSBAND AND WIFE—*Settlement by Husband—Consideration.*— The covenants on behalf of the wife, in the case in judgment, to support and maintain her infant children and not to claim dower in her husband's other lands, furnished adequate consideration for the settlement made upon her by her husband.

Appeal from a decree of the Circuit Court of Goochland county. Decree for defendants. Complainant appeals.

*Affirmed.*

The opinion states the case.

*D. H. & Walter Leake,* for the appellant.

*Smith, Moncure & Gordon* and *Wise & Chichester,* for the appellees.

CARDWELL, J., delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of Goochland county, and the case arises out of the following facts:   George S. Stokes was, on April 22, 1887, seized and possessed of three several contiguous tracts of land, situated in Goochland county, commonly known and spoken of as "Bolling Island," and on that date he, by deed duly executed and recorded, covenanted to stand seized and possessed of said lands for the joint use, benefit, support and maintenance of his wife, Willie A. Stokes, and their children, Margaret Pickett Stokes and Sally B. Stokes.   This deed contains the following recital: "And whereas the said George S. Stokes desires to make some provision for his wife, Willie A. Stokes, and his children by her now born and that may hereafter be born, so as to secure to them a support and maintenance and livelihood, and to the children a proper education, and to these purposes desires and has determined to devote the said lands.  .  .  .  Now, therefore, in consideration of the premises and for and in consideration of the natural love and affection which the said George S. Stokes bears to his wife and children, he the said George S. Stokes doth hereby make create and declare the trusts hereinafter set forth and doth charge and impose the same upon himself, and upon the said lands which are also hereinafter more fully described," etc., etc.   Immediately following is a description of the property of which George S. Stokes covenanted that he would stand seized and possessed upon the declared trusts, and the second clause of the deed is as follows:

"At the death of him the said George S. Stokes, if the said Willie A. Stokes be then living and surviving him and there be then also living and surviving heirs, any child or children of him the said George S. Stokes and his said wife, or any issue of any such child or children who may have died, the whole of said lands shall pass and the said George S. Stokes does hereby grant and convey the same as follows, that is to say, one undivided moiety thereof to the said Willie ·A. Stokes for the term of her natural life; and the other undivided moiety thereof to go with the remainder after the death of the said Willie A. Stokes in the undivided moiety above granted and conveyed to her for life, to the child or children of him the said George S. Stokes and his said wife living at his death and the then living issue of any child who may then be dead, such issue taking *per stirpes*."

At the date of the aforesaid deed, Stokes and his wife knew no differences one with the other, but between that date and 1894—at what time does not appear—differences were engendered from which the utmost discord resulted; destroying harmony between the husband and the wife, and finally resulting in a separation; but before the separation occurred Stokes executed and had duly recorded another deed, dated September 8, 1894, substituting for himself as trustee in the deed of April 22, 1887, the brother of his wife, and the opening recitals of the second deed, made just prior to what proved to be the husband's final separation from his wife, are as follows:

"Whereas, heretofore, to-wit, on the 22nd day of April, in the year 1887, the said George S. Stokes made a deed of settlement, which is of record in the office of the county court of the said county of Goochland, by which deed he created certain uses and trusts which he imposed on himself and certain lands in the said deed mentioned for the benefit of himself, his wife Willie A. Stokes and their chil-

43

dren between them begotten, together with other trusts and limitations in said deed, to which deed reference is here made;

' "And whereas, differences of opinion and incompatibility of temperaments unhappily exist between the said George S. Stokes and Willie A. Stokes, his wife, and they have mutually agreed to live separate and apart; and whereas the said George S. Stokes now desires to make more effectual the provisions of said deed for the benefit of his said wife and their children between them begotten;

"Now, therefore, this deed witnesseth, that the said George S. Stokes in consideration of the premises, and of the natural love and affection which he bears to his said wife and their children . . . hath constituted and appointed, and by these presents do constitute and appoint the said Orris A. Browne a trustee to carry into effect the provisions of the said deed dated the 22nd day of April, 1887," etc., etc. . . .

" . . . and the said Orris A. Browne for and on behalf of the said Willie A. Stokes covenants with the said George S. Stokes that the said Willie A. Stokes shall and will maintain herself without any cost, charge or expense to the said George S. Stokes, and the said Orris A. Browne, for and on behalf of the said Willie A. Stokes, covenants that she will support and maintain their children between them begotten until they shall marry, without any cost, charge or expense to the said George S. Stokes. And the said Orris A. Browne for and on behalf of the said Willie A. Stokes covenants with the said George S. Stokes that in consideration of the settlement and provisions for her benefit by this deed, that she will relinquish her dower and all rights of dower in any real estate which the said George S. Stokes now owns or shall hereafter acquire, other than the real estate named in this deed and in the deed of April 22, 1887."

George S. Stokes departed from Bolling Island in 1895, and to the date of his death in 1909 he lived entirely apart from his wife and daughters, and at various times, in accordance with the terms of the deed of September 8, 1894, his wife released her dower right in his property *other* than the real estate named in the two deeds. Her elder daughter, Margaret Pickett Stokes, has continued to live with her mother at Bolling Island, receiving support and enjoying the fruits of her mother's labor, and the other daughter, Sally B., received support from and enjoyed the fruits of her mother's labor until her marriage with one Fraser, from which time she lived apart from her mother and sister, and soon after her father's death, which occurred in 1909, she filed the bill in this cause, praying that partition be made of the lands mentioned in the deeds of 1887 and 1894, her interest in which she claimed to be one-fourth in fee and the remainder in another undivided fourth interest in said lands after the death of her mother, Willie A. Stokes, and that the share to which she was entitled thereunder be set apart to her, etc., etc.

To this bill the widow, Willie A. Stokes, filed her answer claiming dower in the portions of said lands going to the daughters upon the death of their father, George S. Stokes, and admitting that the lands could be divided in kind, subject to her dower. The unmarried daughter, Margaret Pickett Stokes, filed her separate answer, in which she united in the prayer of and adopted as her own the answer of her mother, Willie A. Stokes.

Upon a hearing of the cause upon the pleadings and the evidence taken for both the complainant and the defendants, the circuit court held that Willie A. Stokes was entitled to dower in the moiety of the lands in question which came to the complainant, Sally B. Fraser, and Margaret Pickett Stokes upon the death of their father, George S. Stokes; and the sole question, therefore, for our decision is whether or not the court erred in its decree.

It is insisted on behalf of the appellant that the deeds in question created in the defendant, Willie A. Stokes, a jointure in the lands they conveyed, and that she was thereby put to an election as to whether she would retain the benefits of the deeds or renounce the same and claim dower in lieu thereof.

We do not think this contention at all tenable, as the deed of September 8, 1894, makes no reference whatever to dower, except in that part of it in which it is declared, pursuant to a covenant made by her trustee on her behalf, that "she will relinquish her dower and all rights of dower in any real estate which the said George S. Stokes now owns or shall hereafter acquire other than the real estate named in this deed and in the deed of April 22, 1887." After the departure of George S. Stokes from Bolling Island in 1895 to the time of his death, he lived apart from his wife and daughters, and at various times, in accordance with the deed of 1894, his wife released her dower rights in his property other than the real estate named in the two deeds. It therefore plainly appears that the provision made for the wife, Willie A. Stokes, by the deeds was not intended as in lieu of dower in the lands of the grantor, George S. Stokes.

It is a general maxim that the law favors dower, and as we have held in *Lewis* v. *Apperson,* 103 Va. 624, 49 S. E. 987, 106 Am. St. Rep. 903, 68 L. R. A. 867, a widow will not be deprived of her dower as a rule, unless it is barred by the statutory requirements for that purpose—in other words, that nothing short of the statutory requirements for that purpose will deprive a widow of her right of dower in the lands of her husband of which he was seized and possessed during coverture. See also 1 Minor Real Prop., sec. 295.

This is a rule so well recognized that a further citation of authority is deemed unnecessary; indeed, we think that

the provisions of the deeds in question themselves plainly show that it was never intended to deprive Willie A. Stokes, the widow of George S. Stokes, of her dower rights, inchoate at the execution of said deeds but consummated upon the death of George S. Stokes, in the lands known as Bolling Island. To repeat, in the deed of 1887 no reference whatever is made to the dower rights of Willie A. Stokes, but in the subsequent deed of 1894 the following appears: "And the said Orris A. Browne, for and on behalf of the said Willie A. Stokes, covenants with the said George S. Stokes that in consideration of the settlement and provisions for her benefit by this deed, that she will relinquish her dower and all rights of dower in any real estate which the said George S. Stokes now owns or shall hereafter acquire, *other than* the real estate named in this deed and in the deed of April 22, 1887." Language could not be plainer to convey the meaning that the covenant made by the trustee on behalf of the wife provided for the relinquishment of the dower rights of the wife in all the real estate then owned by the husband or thereafter acquired by him except Bolling Island, and that the right of dower of the wife in Bolling Island was to remain in her as though said deeds had not been executed.

There is no ground upon which to question the adequacy of the consideration moving George S. Stokes to execute the two deeds in question, and the acceptance by his wife, Willie A. Stokes, of the benefits they conferred upon her, with the conditions the deeds read together imposed upon the wife, viz: that she should thereafter support herself and the two daughters of her union with the grantor, George S. Stokes, and any children that might be thereafter born to them; and this burden, which the husband should have borne, the wife, as the record abundantly shows, thereafter carried with commendable faithfulness and motherly regard for her daughters, whereas the father and husband,

within one year after the date of the second-named deed, totally abandoned both his wife and their dependent daughters.

In any view of the case, the decree of the circuit court was eminently just and equitable, and, therefore, it will be affirmed.

*Affirmed.*